HERSEY, Chief Judge,
dissenting.
By this affirmance, the majority interprets the Broward County Animal Control Ordinance (Ord. No. 87-21, § 1, 5-12-87) in such a manner as to make it constitutionally suspect.
The ordinance carefully defines “vicious dog” and provides that no penalty may be imposed against a dog’s owner “unless the dog, prior to the offense alleged, shall have been declared vicious pursuant to” the ordinance.
In addition to penalties for violation and rather onerous requirements imposed upon the owner of a dog declared vicious, the ordinance also contains the following:
(g) If any vicious dog shall, when unprovoked, kill or wound or assist in killing or wounding any domestic animal or attack, assault,, wound, bite or otherwise injure or kill a human being, the officer is empowered to issue a citation or to impound the dog and after written notice to the owner and expiration of the 120-hour waiting period to dispose of such vicious dog in a humane manner.
The dogs involved in the factual scenario here perpetrated two separate attacks. That is beside the point. The fact is no action was taken until after the second event. It was only then that there was a determination that these were vicious dogs.
We here interpret the provisions of section 4 — 12(f) to permit animal control personnel to retroactively determine that dogs are vicious and to impose the ultimate penalty, destruction of the dogs.
There is absolutely no guidance in the ordinance, no standards or guidelines to control the discretion of the director of animal control as to whether, after a first bite, a dog owner is to be given the opportunity to confine his dog and to provide security as required in one section of the ordinance, or, whether the owner is simply to be advised that the dog will be disposed of under another section of the ordinance.
A dog is more than mere property to most dog owners. But regardless, a dog is property. Dog owners are entitled to equal protection under the law. The ordinance at issue here could be interpreted to require a two-step process in which a determination is first made that a dog is vicious and then, for a subsequent violation, the ultimate penalty is imposed. It would probably also be constitutionally permissible to eliminate the “first free bite” aspect of the ordinance altogether. The objection to the ordinance, or to the majority’s interpretation of the ordinance, is that the choice of which penalty may be imposed is vested solely in the unbridled discretion of the individual who, from time to time, may hold the post of Director of the Animal *311 Control Division for Broward County. In my judgment the ordinance, so interpreted, is constitutionally infirm.
I therefore respectfully dissent.